**Michael FORD, Plaintiff–Appellant,**

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a Connect-icut corporation; Long Term Dis-ability Plan of Brown and Sharpe Manufacturing Company, Defen-dants–Appellees.**

No. 08–56522.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 2010.

Filed Feb. 18, 2010.

Lisa S. Kantor, Esquire, Managing Senior Counsel, Peter S. Sessions, Esquire, Kantor & Kantor, LLP, Northridge, CA, for Plaintiff–Appellant.

Michael Bernard Bernacchi, Esquire, Daniel William Maguire, Esquire, Burke, Williams & Sorensen, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

MEMORANDUM *

In this ERISA action, Michael Ford appeals the district court's judgment in favor of the appellees, holding that defendant Hartford Life and Accident Insurance Company ("Hartford"), the plan adminis-trator, did not abuse its discretion in ter-minating benefits under the Long Term Disability Plan of Brown & Sharpe Manu-facturing Company. While the case was pending in the district court, the Supreme Court decided *Metropolitan Life Insur-ance Co. v. Glenn,* 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008). The district court called for supplemental briefs on the Supreme Court decision, but then conclud-ed that *Glenn* did not require an analysis that materially differed from that which was appropriate under prior Ninth Circuit law with respect to application of the abuse of discretion standard.

The district court, however, did not have the benefit of our intervening opinion in *Montour v. Hartford Life & Accident In-surance Co.,* 588 F.3d 623, 631–32 (9th Cir.2009), however, which held that *Met-Life*—consistent with our en banc decision in *Abatie v. Alta Health and Life Ins. Co.,* 458 F.3d 955, 966–69 (9th Cir.2006) (en banc)—overruled in relevant part a signifi-cant prior line of Ninth Circuit cases ap-plying the abuse of discretion standard of review, including *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869 (9th Cir.2004) and *Bendixen v. Standard Insurance Co.,* 185 F.3d 939 (9th Cir.1999). While the parties were asked to discuss *Montour* in oral argu-ment, they were not able to brief it to this court.

Because the district court relied on over-ruled articulations of the abuse of discre-tion standard, and because neither this court nor the district court has had the benefit of full briefing and study of the current state of this circuit's law under now-controlling Supreme Court and circuit authority, we reverse the judgment and

---

* This disposition is not appropriate for publica-tion and is not precedent except as provided by 9th Cir. R. 36–3.

remand the case to the district court to apply that authority in the first instance.

**REVERSED** and **REMANDED.**